LANGE SOAP CO. *v.* UNITED STATES (No. 980).[1]

RESIN OR GUM RESIN.

The entry had been reliquidated at Laredo on the faith of instructions given by the Auditor for the Treasury Department, pending determination on appeal in another case of the question involved. That case—United States *v.* Sheldon (2 Ct. Cust. Appls., 485; T. D. 32245)—was decided adversely to the Government and controls this case. The facts of record adequately rebut the presumption of correctness that attends the reliquidation; the resin was entitled to free entry.

United States Court of Customs Appeals, November 27, 1912.

APPEAL from Board of United States General Appraisers, Abstract 28935 (T. D. 32655).

[Reversed.]

*William E. Richardson* for appellants.

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This controversy arose upon importations of gum resin or resin made at the subport of Laredo, Tex. The facts as supplied by the record and admissions of counsel in their respective briefs are not controverted. The resin was imported in March, 1911, and admitted to free entry as "gum resin  *  *  *  in a crude state," etc., under paragraph 559 of the tariff act of 1909. In October, 1910, the Board of General Appraisers had decided that certain crude resin was entitled to free entry and later an appeal from that decision had been taken by the Government claiming such dutiable under paragraph 20 of the act and promulgated as T. D. 30966. The Auditor for the Treasury Department called the attention of the collector to the appeal, whereupon the latter reliquidated the entries assessing duties upon the importation under said paragraph, making return that he did so "after receipt of letter from the auditor relative to why T. D. 30966 was not followed."

A sample of the merchandise accompanies the record and is duly identified thereby. The appeal from the decision of the Board of General Appraisers having been decided adversely to the Government by this court (United States *v.* Sheldon & Co., 2 Ct. Cust. Appls., 485; T. D. 32245), the cases arising at Laredo, Tex., were called for trial at the port of New York. The decision of the board is as follows:

When these protests were called for hearing there was no appearance on behalf of protestants, and we are therefore without evidence in support of the claims for classification other than that made by the collector; and we must therefore presume that his action was correctly taken and overrule the protests.

_____

[1] Reported in T. D. 33005 (23 Treas. Dec., 522).

The case is now here on appeal of the importer.

The contention of the Government is twofold—first, that dismissal for nonappearance before the board has frequently been and should be sustained; and, second, that the sample is insufficient evidence to warrant reversal. We think the board's decision in terms shows that the case was not disposed of by the board upon the ground of nonappearance. Its wording discloses that it was rested upon the evidence in the record accompanied by a recital that the only evidence before the board by reason of the nonappearance of the importer was the same record that was before the collector and that the latter's decision would not be disturbed by reason of the presumption of correctness attending the same.

It is quite true that a presumption attends the correctness of the decision of the collector, but that is a disputable presumption and one which may be rebutted by the facts of the record. That presumption is the usual one reposing confidence in the judgment of public officials especially selected to perform a particular public office. We can, therefore, conceive of no facts that would so completely dispel this presumption as the facts disclosed by this record. The sample and merchandise had been treated by all parties as similar to that in the Sheldon case, else there was no occasion for reliquidation by reason of the appeal from the Sheldon decision, and we must assume, therefore, that the merchandise was the same. This record, in the light of the admissions in the briefs of both parties, shows that the collector's judgment was registered in the first liquidation; that thereafter reliquidation was had not in accordance with the collector's judgment, but in accordance with a letter from the Auditor for the Treasury Department. This control of his action does not even appear to be the result of a different judgment, but notice that a question relating to the subject matter might be finally otherwise determined.

Or, for the sake of argument, let us assume the reliquidation to have been made at the suggestion of the auditor, but under the direction and authority of article 1061, Customs Regulations, 1908, requiring such action as here had by the collector upon an appeal by the Government, such as was T. D. 30966. In either case the record before the board contained two decisions by the collector, one expressing his judgment holding the article free, the other holding it dutiable by reason of the appeal in the Sheldon case, and a sample treated by all parties the same as the merchandise in the Sheldon case. The board further had before it the decision of this court in the Sheldon case that such merchandise was entitled to free entry, holding said appeal not well taken and in effect that the reliquidation in the Laredo case was erroneous.

We think there was a decision by the board in this case. upon the merits of the record, that there was sufficient in this record to rebut the presumption of correctness attending the reliquidation, and that the judgment should, under the Sheldon case, *supra*, have been for the appellant.

*Reversed.*